| NC Community Ctr. Assoc. v CDJX Jersey City, LLC |
|:---:|
| 2024 NY Slip Op 31350(U) |
| April 16, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 504697/2024 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

NC Community Ctr. Assoc. v CDJX Jersey City, LLC

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 16th day of April 2024

HONORABLE FRANCOIS A. RIVERA

------------------------------------------------------------------X

NC COMMUNITY CENTER ASSOCIATES,

                    Plaintiff,

          -against-

CDJX JERSEY CITY, LLC
and ZENG RONG SONG,

                    Defendants.

------------------------------------------------------------------X

**DECISION & ORDER**
Index No. 504697/2024

Recitation in accordance with CPLR 2219(a) of the papers considered on the summons and notice of motion for summary judgment filed on February 15, 2024, under motion sequence number one, by NC Community Center Associates (hereinafter the plaintiff) for an order pursuant to CPLR § 3213 granting summary judgment in lieu of complaint against defendants CDJX Jersey City LLC and Zeng Rong Song (hereinafter the defendants). The defendants did not appear or submit opposition to the motion.

-Summons and CPLR 3213 motion with RJI
-Notice of motion
-Affidavit in support
      Exhibits A-G
-Affirmation of service
-Affidavit of service

**BACKGROUND**

On February 15, 2024, plaintiff filed the instant motion for summary judgment in lieu of complaint with the Kings County Clerk's office (hereinafter KCCO). The instant motion is to collect a money judgment of the Superior Court of New Jersey.

The affirmation of plaintiff's counsel in support alleges the following facts. By lease dated November 30, 2020, CDJX Jersey City LLC leased from the plaintiff certain retail space at Newport Plaza in Jersey City, New Jersey for a 12-year period. Under the lease, CDJX was required to pay plaintiff monthly rental charges, along with other monthly ancillary charges. Defendant Zeng Rong Song executed a personal guaranty (hereinafter the guaranty), whereby Zeng Rong Song unconditionally guaranteed the lease. In addition, the defendant agreed to pay all costs of collection and reasonable attorney's fees incurred by plaintiff in connection with the lease and the guaranty.

Pursuant to the lease, CDJX was required to pay minimum annual rent with applicable yearly increases in accordance with section 1.1 of the lease, along with operating expenses and all other sums of money or charges under the lease. CDJX failed to pay its obligations in accordance with the lease.

Defendant Zeng Rong Song failed to satisfy the delinquent monies owed to the plaintiff by CDJX pursuant to the lease and the guaranty. Considering the defendants' breach of the guaranty, on or about November 10, 2022, plaintiff commenced a proceeding to recover the amounts due and owing thereunder in the Superior Court of New Jersey, Hudson County, in the matter entitled NC Community Center Associates v. CDJX Jersey City, LLC and Zeng Rong Song, bearing Docket No. HUD-L-3761-22 (hereinafter the foreign action).

The defendants failed to file an answer within the time prescribed by law, and a request for default was entered and therefore filed against both defendants separately. Considering defendants' failure to appear, or otherwise move with respect to the foreign

[* 2]

action, on July 21, 2023, the Court awarded plaintiff a default judgment (hereinafter judgment) against the defendants in the amount of $283,599.63 jointly and severally against CDJX and Zeng Rong Song, inclusive of fees, costs, and interest.

On July 25, 2023, pursuant to the Court's judgment, plaintiff's counsel served a certified copy of the Order for Final Judgment by Default on the non-appearing defendants. Thereafter, a certified copy of the July 21, 2023 judgment was obtained. The instrument at issue here, the judgment, is for payment of money, within the meaning of CPLR § 3213, and there are no material issues of fact precluding summary judgment because it is for a sum certain.

**SERVICE OF THE MOTION**

On March 22, 2024, Angela Roy, one of plaintiff's process servers, (hereinafter Roy) filed an affidavit of service with KCCO. Roy alleged service of the summons, notice of motion for summary judgment in lieu of complaint, and other papers (hereinafter the commencement papers) on defendant CDJX Jersey City LLC on March 11, 2024, by service upon Sue Zoulay of the New York State Secretary of State.

On March 22, 2024, Jane Nunn, plaintiff's other process server, (hereinafter Nunn) filed an affidavit of service with the KCCO alleging service of the commencement papers on defendant CDJX Jersey City LLC on March 11, 2024, by service upon Nicki Dodson of the New Jersey State Secretary of State.

[* 3]

On March 22, 2024, John Hucler[1] plaintiff's other process server, (hereinafter Hucler) filed an affidavit of service with the KCCO alleging service of the commencement papers) on defendant Zeng Rong Song by delivery to a person of suitable age at Zeng Rong Song's dwelling, followed by a mailing to that residence, and then followed by a filing of the affidavit of service with the KCCO.

**APPLICABLE STATUTES**

CPLR 308 sections 1 and 2 provide in pertinent part as follows:

Personal service upon a natural person. Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision [a] of section two hundred thirty-two of the domestic relations law.

CPLR 306(b)(1) provides in pertinent part as follows:

Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made in the manner provided by clause (i) or (ii) of this subparagraph. Either option of service authorized pursuant to this subparagraph shall be available at no extra cost to the consumer. (i) Personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the

---

[1] The process server's name was not printed on the affidavit and the last name was barely legible. This is the Court's approximation of the last name.

[* 4]

department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose. If a domestic or authorized foreign corporation has no such address on file in the department of state, the secretary of state shall so mail such copy, in the case of a domestic corporation, in care of any director named in its certificate of incorporation at the director's address stated therein or, in the case of an authorized foreign corporation, to such corporation at the address of its office within this state on file in the department. (ii) Electronically submitting a copy of the process to the department of state together with the statutory fee, which fee shall be a taxable disbursement, through an electronic system operated by the department of state, provided the domestic or authorized foreign corporation has an email address on file in the department of state to which the secretary of state shall email a notice of the fact that process has been served electronically on the secretary of state. Service of process on such corporation shall be complete when the secretary of state has reviewed and accepted service of such process. The secretary of state shall promptly send a notice of the fact that process has been served to such corporation at the email address on file in the department of state, specified for the purpose and shall make a copy of the process available to such corporation.

CPLR 2214(a) and (b) provides as follows:

Motion papers; service; time. (a) Notice of motion. A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor. Relief in the alternative or of several different types may be demanded. (b) Time for service of notice and affidavits. A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard. Answering affidavits shall be served at least two days before such time. Answering affidavits and any notice of cross-motion, with supporting papers, if any, shall be served at least seven days before such time if a notice of motion served at least sixteen days before such time so demands; whereupon any reply or responding affidavits shall be served at least one day before such time.

CPLR 3213 provides as follows:

Motion for summary judgment in lieu of complaint. When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. The summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion. The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service. If the plaintiff sets

[* 5]

the hearing date of the motion later than the minimum time therefor, he may require the defendant to serve a copy of his answering papers upon him within such extended period of time, not exceeding ten days, prior to such hearing date. No default judgment may be entered pursuant to subdivision (a) of section 3215 prior to the hearing date of the motion. If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.

## DISCUSSION

"CPLR 3213 is a hybrid procedure incorporating certain elements of an action and certain elements of motion practice" (*Goldstein v Saltzman*, 13 Misc 3d 1023, 1025, [Sup Ct, Nassau County 2006], citing *Flushing Natl. Bank v. Brightside Mfg.*, 59 Misc 2d 108 [Sup Ct, Queens County 1969]). "As with a plenary action, jurisdiction is obtained over the defendant by serving the defendant with the summons, notice of motion and supporting papers in a method prescribed in CPLR Article 3. The minimum amount of time the plaintiff must give the defendant to oppose the motion for summary judgment in lieu of complaint is determined by the amount of time the defendant would have to appear in the action if the defendant had been served with a summons and complaint or summons with notice" (*Goldstein*, 13 Misc 3d at 1025).

CPLR 3213 provides, "[t]he minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance, depending upon the method of service." "Thus, in a CPLR 3213 motion, the minimum amount of time the plaintiff must give the defendant to appear and oppose the motion is dependent upon the date and method of service." (*Id*, citing David D. Siegel, NY Prac § 291 [4th ed]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.03; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:5).

[* 6]

If the defendant is a natural person who is served pursuant to CPLR 308 (2) the minimum amount of time the between service of the summons and motion papers and the return date is forty days (*Goldstein*, 13 Misc 3d at 1025 n. 1). "CPLR 320 (a) gives a defendant served in this manner thirty days from completion of service to appear. Service is complete ten days after the affidavit of service is filed with the county clerk" (*Id.*).

Hucler's affidavit of service, demonstrates that he served defendant Zeng Rong Song pursuant to CPLR 308 (2). Plaintiff completed service on April 1, 2024, ten days after March 22, 2024, the date Hucler filed the affidavit of service. Pursuant to CPLR 320 (a), the defendant should have been given until May 2, 2024, thirty days from April 1, 2024, to appear and oppose the instant motion.

On March 11, 2024, Angela Roy served the commencement papers on defendant CDJX Jersey City LLC by service upon Sue Zoulay of the New York State Secretary of State. This method of service complies with Business Corporations Law 306 (*See id.*). Plaintiff should have given the defendant until April 10, 2024, thirty days from March 11, 2024, to appear and oppose the instant motion.

On March 19, 2024, Jane Nunn, plaintiff's other process server also served the commencement papers on defendant CDJX Jersey City LLC by delivery to Nicki Dodson of the New Jersey State Secretary of State. By this method of service plaintiff should have given the defendant until April 18, 2024, thirty days from March 19, 2024, to appear and oppose the instant motion.

Plaintiff did not give CDJX Jersey City LLC or Zeng Rong Song the minimum statutory time to appear and oppose the instant motion. Instead, the plaintiff made the

instant motion returnable on March 28, 2024, and directed the defendant to serve answering papers upon it seven days before March 28, 2024. The court lacks personal jurisdiction because the movant failed to provide the defendant timely notice of the motion (and thus of the defendant's obligation to file answering papers). (*See Segway of N.Y., Inc. v Udit Group, Inc.*, 120 AD3d 789, 791-792 [2d Dept 2014]). Additionally, because failing to provide sufficient advance notice of a motion's return date creates a greater possibility of frustrating the core principles of notice to the defendant this defect may not be corrected or disregarded under CPLR 2001 (*Id.* at 792). A failure to give the defendant the statutorily mandated time to appear and answer a motion for summary judgment in lieu of complaint compels not only a denial of the motion, but also a dismissal of the action (*see Malament v Jong Kim*, 22 Misc 3d 1110[A] [Sup Ct, Nassau County 2008]).

Therefore, NC Community Center Associates' motion for summary judgment in lieu of complaint is denied, and the action is dismissed.

The foregoing constitutes the decision and order of this court.

ENTER:

J.S.C.

HON. FRANCOIS A. RIVERA

[* 8]